**Jim Dale DAVIS, Petitioner—
Appellant,**

v.

**Sylvia GARCIA, Warden, Respondent—
Appellee.**

**No. 04–56145.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2006.*

Filed Dec. 28, 2006.

Jim Dale Davis, Calipatria, CA, pro se.

Lise S. Jacobson, DAG, AGCA–Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jim Dale Davis appeals the district court's denial of his petition for a writ of habeas corpus, in which Davis asserted various constitutional errors during his state court trial for first-degree murder. We granted Davis a certificate of appealability on one issue: whether the trial court's exclusion of exculpatory evidence of third-party guilt constituted reversible error.

We review *de novo* a district court's order granting or denying a petition for a writ of habeas corpus. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir.2000). Because Davis filed his petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the scope of our review of the state court's decision to exclude the evidence. Because that decision "was [not]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

contrary to, [and did not] involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," we affirm. *See* 28 U.S.C. § 2254(d)(1).

Due process requires that a defendant be provided "a fair opportunity to defend against the State's accusations ... [and includes] the right to call witnesses in one's own behalf." *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The right to present evidence in one's defense is less than absolute, however, and must be weighed against a State's legitimate interest in "reliable and efficient trials." *Perry v. Rushen*, 713 F.2d 1447, 1450 (9th Cir.1983).

At trial, Davis proffered evidence, through hearsay testimony, that James Boren had confessed to the three murders with which Davis was charged. He also proffered circumstantial evidence that implicated Brian Moore in the murders. The state trial court excluded the Boren evidence as unreliable and excluded the Moore evidence as overly remote and insufficiently probative of Davis's innocence. The California Court of Appeal affirmed, agreeing that the Boren evidence was unreliable and that Davis had failed to demonstrate a logical connection between the Moore evidence and the murders.

The decision to exclude the Boren evidence as unreliable was not an objectively unreasonable application of federal law. *See Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) ("[W]e have never questioned the power of States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability—even if the defendant would prefer to see that evidence admitted."). Nor did the Court of Appeal objectively err in affirming exclusion of the Moore evidence for lacking sufficient connection to the murders. *See Holmes v. South Carolina*, 547 U.S. 319, 126 S.Ct. 1727, 1733, 164 L.Ed.2d 503 (2006) (acknowledging the right of a state court to exclude defense evidence that is too "remote [or] lack[s] such connection with the crime" to raise a reasonable doubt as to the accused's guilt).

Davis argues that the Court's analysis in *Holmes*, which reversed a state court's exclusion ruling, requires a reversal here as well. However, this refinement of federal law on the exclusion of defense evidence did not exist at the time Davis's conviction became final. We therefore affirm the district court's denial of his petition for a writ of habeas corpus. *See Carey v. Musladin*, — U.S. ——, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (explaining that "clearly established Federal law in § 2254(d)(1) refers to the holdings ... of this Court's decisions as of the time of the relevant state-court decision") (citations omitted).

**AFFIRMED.**